**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERIC FLOWERS,

    Petitioner,

v.   CASE NO. 8:03-CV-618-T-30TGW
                        8:01-CR-445-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in the federal penal system proceeding *pro se*, initiated this action by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on April 2, 2003 (CV Dkt. 1/CR Dkt. 281). The motion was dismissed without prejudice on May 27, 2003, because Petitioner's direct appeal was still pending (CV Dkt. 2/CR Dkt. 282).

In a letter dated January 5, 2006, Petitioner states that he has "a letter on this matter still pending in the Court" (CR Dkt. 304).  According to Petitioner, once his conviction was affirmed on direct appeal, *see United States v. Flowers*, 82 Fed.Appx. 221 (11th Cir. Aug. 29, 2003), he renewed his request to vacate his sentence by resubmitting the § 2255 motion he filed on April 2, 2003. Petitioner states that he mailed the second § 2255 motion to the Court on September 18, 2004.

Having reviewed the files for Petitioner's criminal case and the companion civil case opened when Petitioner filed his § 2255 motion prematurely, the Court finds that there is no record of the Clerk having received a motion to reopen this matter or the § 2255 motion Petitioner reportedly mailed on September 18, 2004. The Court cannot determine, sight

unseen, whether said motion meets the criteria for filing *nunc pro tunc*. This case stands closed.

In the event Petitioner files another § 2255 motion, the Court will determine whether the motion is timely before deciding whether the Government should be required to file a response. *See Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing a request for collateral relief, a district court must determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996). The limitations period applicable to § 2255 motions was not tolled by the § 2255 motion Petitioner filed while his appeal was pending. *See Jones v. United States*, 304 F.3d 1035, 1041 n.11 (11th Cir. 2002); *see also Davenport v. United States*, 217 F.3d 1341, 1342-46 (11th Cir. 2000), *cert. denied*, 532 U.S. 907 (2001).

ACCORDINGLY, the Court **ORDERS** that Petitioner's request for information regarding the status of this case (CR Dkt. 304) is **GRANTED**, consistent with the foregoing. Petitioner should conduct himself accordingly.

**DONE** and **ORDERED** in Tampa, Florida on February 7, 2006.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

SA:jsh