**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ERIC A. FLOWERS,

    Petitioner,

v.                                                   CASE NO: 8:03-CV-618-T-30MAP
                                                      Crim. Case No: 8:01-CR-445-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

    Petitioner, ERIC A. FLOWERS (hereinafter referred to as "Flowers" or "Petitioner"), an inmate in the federal penal system proceeding *pro se*, first initiated this action by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 on April 2, 2003 (Dkt. #1). The motion was dismissed without prejudice on May 27, 2003, because Petitioner's direct appeal was still pending.

    In a letter dated January 5, 2006, Petitioner stated that he has "a letter on this matter still pending in the court" (see Dkt. #304, case #8:01-cr-445-T-30MAP). According to Petitioner, once his conviction was affirmed on direct appeal, see United States v. Flowers, 82 Fed. Appendix. 221 (11th Cir. Aug. 29, 2003), he renewed his request to vacate his sentence by resubmitting his earlier §2255 motion. Petitioner states that he mailed his §2255 motion again to the Court on September 8, 2004.

A review of both files does not show that any such motion was refiled. If the prior motion was refiled, it most likely would have been dismissed because it would have been an improper filing. Merely refiling a prior document does not indicate the history of the case as required by the form and would have been a basis for summary dismissal. The proper procedure would have been to have prepared a new document with the correct information and to have filed it as a separate case.

Be that as it may, Flowers has shown some evidence (a certified mail receipt) that perhaps he filed some document indicating a desire to file a motion to vacate. In an effort to do equity, this Court will reopen the prior case and entertain the §2255 motion which Flowers claims to have refiled in September of 2004. Having now reopened the case and having reviewed Petitioner's motion, the Court concludes that the motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief.

## **The Petition**

Petitioner raises two grounds in support of his request to set aside his sentence:

**Ground One:**   Trial counsel did not object to sentence which was applied in illegal manner.

**Ground Two:**   Court erred by not giving Petitioner constitutional mandated downward departure based on rule (sic) as "mule."

As to ground one, the petition is void of any argument that specifies in what way his sentence was applied illegally. In his memorandum in support of his motion, filed on March

15, 2006, he claims that the sentence was illegal because of the holdings in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>United States v. Booker</u>, 543 U.S. 220 (2005).

Flowers was sentenced on July 12, 2002. Petitioner's judgment was therefore final before the <u>Booker</u> decision was issued. <u>Booker</u> is not retroactive to cases (like Petitioner's) that were final prior to the <u>Booker</u> decision. <u>See</u> <u>Varela v. United States</u>, 400 F. 3d 864, 868 (11th Cir. 2005).

Additionally, Flowers cannot complain because he had no objection to the factual statements in his presentence report (PSR) and the Court, at his sentencing, adopted those facts, including drug quantity. Therefore, they are admitted as true. Because they are admitted, there is no Sixth Amendment violation under <u>Booker</u>. <u>United States v. Shelton</u>, 400 F. 3d 1325 (11th Cir. 2005). The Offense Conduct section of the PSR is attached as Exhibit "A" and the sentencing transcript as Exhibit "B." For the foregoing reasons, ground one must be denied.

Ground two is based on a claim of some "constitutional mandated downward departure based on rule (role?) as mule." The Court is unaware of any constitutionally mandated downward departure and Petitioner cites no authority for such. This complaint about a sentencing error is not appropriate under a §2255 motion to vacate. It must be raised on direct appeal. In fact, Flowers did raise it on direct appeal and the Eleventh Circuit ruled against him. Flowers apparently acknowledges this because he makes no argument in support of this ground in his most recently filed memorandum. Ground two must be denied.

It is therefore ORDERED AND ADJUDGED that for the reasons stated herein:

1. Petitioner's motion (Dkt. #5) to reopen and reinstate his prior §2255 motion is GRANTED.

2. Petitioner's reinstated §2255 motion is hereby DENIED.

3. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 16, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Attachments:**
Exhibit "A" - Offense Conduct section of PSR
Exhibit "B" - Sentencing transcript


**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2003\03-cv-618.deny 2255.wpd