**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ERIC FLOWERS,

    Petitioner,

v.                                      CASE NO. 8:03-CV-618-T-30MAP
                                                            8:01-CR-445-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This matter comes before the Court upon receipt of a letter from Petitioner (Dkt. 10) seeking clarification of the May 16, 2006 order denying the motion to vacate he filed pursuant to 28 U.S.C. § 2255. As stated in the dismissal order, the Court reviewed the files of Petitioner's criminal proceedings and the § 2255 proceedings he initiated on April 2, 2003, and found nothing to indicate that the § 2255 motion, rejected by the Court as premature on May 9, 2003, was refiled. Nonetheless, because Petitioner produced a certified mail receipt indicating that he mailed a document to the Clerk on September 18, 2004, and an affidavit averring that said document was a request to refile the § 2255 motion filed on April 2, 2003, the Court reopened his case and addressed the merits of the claims presented therein.

Petitioner raised two grounds in support of his request to set aside his sentence: (1) "trial counsel did not object to sentence which was applied in illegal manner," and (2) "the court erred by not giving Petitioner constitutional [sic] mandated downward departure based on rule (sic) as [a] 'mule'" (Dkt. 1 at 3).

In the memorandum of law filed on March 8, 2006, in support of Ground One of the petition, Petitioner asserted that his sentence was imposed in violation of *Apprendi v. New*

*Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005). This claim was rejected because Petitioner's judgment was final before the *Booker* decision was issued, and the Eleventh Circuit has held that *Apprendi* and *Booker* are not retroactive to cases on collateral review. *See Varela v. United States*, 400 F. 3d 864, 868 (11th Cir. 2005).

The Court held, in the alternative, that because Petitioner had no objection to the factual statements in his presence report at sentencing and the Court adopted those facts, including drug quantity, they were admitted as true. Hence, there is no Sixth Amendment violation under *Booker*. *See United States v. Shelton*, 400 F. 3d 1325 (11th Cir. 2005).

In Ground Two of Petitioner's § 2255 motion, he argued that he was entitled to a "constitutional [sic] mandated downward departure based on [his] rule (sic) as [a] mule." The Court found that because complaints about a sentencing error must be raised on direct appeal, Ground Two failed to state a basis for relief under § 2255.[1]

ACCORDINGLY, the Court **ORDERS** that Petitioner's request for clarification (Dkt. 10) is **GRANTED**, consistent with the foregoing. This case stands closed. The **Clerk** shall enclose a copy of the docket sheet with Petitioner's copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on July 5, 2006.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record

SA:jsh

---

[1] As noted in the dismissal order, Petitioner raised this issue on direct appeal, and the Eleventh Circuit ruled against him.